

In The
Court of Appeals
Seventh District of Texas at Amarillo

---

No. 07-23-00174-CR

---

RUSSELL WAYNE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2020-739, Honorable Glenn H. Devlin, Presiding

---

November 3, 2023

ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Russell Wayne Moore, appeals his conviction for murder[1] and sentence to life imprisonment.[2]  Appellant's brief was originally due August 21, 2023, but we granted Appellant's appointed counsel two extensions to file a brief due to her caseload. By letter of October 3, 2023, we admonished counsel that no further extensions would be

---

[1] See TEX. PENAL CODE ANN. § 19.02(b)(1).

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001.

granted and failure to file a brief by October 20 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on Appellant's behalf;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by December 4, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before November 17, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.